NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN ALEXANDER ARGUETA-GUTIERREZ; CRISTIAN ARGUETA-ARGUETA; NOEMY SARAI ARGUETA DE ARGUETA; ISAAC JEREMIAS ARGUETA-ARGUETA; MARVIN CRISTOPHER ARGUETA-ARGUETA,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1419<br><br>Agency Nos.<br>A208-544-102<br>A208-284-344<br>A208-284-343<br>A208-544-103<br>A208-544-104<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2023[**]
Pasadena, California

Before: BYBEE, FISHER,[***] and LEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable D. Michael Fisher, United States Circuit Judge for the Court of Appeals, 3rd Circuit, sitting by designation.

Marvin Argueta-Gutierrez and Noemy Argueta de Argueta are natives and citizens of El Salvador. They petition for review of the Board of Immigration Appeals' (BIA's) dismissal of their appeal from the Immigration Judge's (IJ's) denial of their applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT). Petitioners' children—Marvin, Cristian, and Isaac—are derivative applicants whose petitions ride on their parents'. We deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

1. Asylum may be granted to a noncitizen who can "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). Statutory withholding of removal must be granted where it is more likely than not that a noncitizen's "life or freedom would be threatened" on account of those same grounds. 8 U.S.C. § 1231(b)(3)(A); *Silva v. Garland*, 993

2                                                                  22-1419

F.3d 705, 719 (9th Cir. 2021).

A petitioner is not eligible for asylum or withholding of removal if persecution could be avoided by relocating to another part of the petitioner's native country, and relocation is reasonably possible. *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) (asylum); 8 C.F.R. § 1208.16(b)(1)(i)(B) (withholding). The BIA concluded the Arguetas did not show they would be unable to relocate internally; in fact, they forfeited the issue by not raising it. Before us, too, the Arguetas have forfeited it: although they briefly refer to the issue in their statement of the case, it is not discussed in the body of their brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). This, alone, is sufficient reason to deny the Arguetas' petition with respect to asylum and statutory withholding of removal.

2. There are other reasons as well. The Arguetas assert they have a reasonable fear of persecution on account of their membership in a particular social group: "those that run small, independent businesses." The BIA concluded that this proposed social group is not socially distinct.

A particular social group must be, among other things, "socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). A group may be distinct because it is viewed that way by society as a whole, by those in a particular region, or by members of another social group. *Diaz-Torres v. Barr*,

963 F.3d 976, 980 (9th Cir. 2020). Distinctiveness "is not, however, assessed from the perspective of the persecutors." *Id.* (citation omitted). Yet this is precisely what the Arguetas claim: that small business owners are "highly visible to bad actors." Aside from making that legally insufficient contention, the Arguetas point to no record support for their social distinction argument. And our careful review of the record reveals no evidence that Salvadorans perceive small business owners as a distinct group. In short, the BIA did not err, nor did its underlying findings lack substantial evidence, with regard to social distinction.

3. The BIA also held that even if "small business owners" was a distinct group, membership in it was not "one central reason," or even "a reason," for any persecution the Arguetas may have suffered. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). The BIA held the evidence did not demonstrate that the Arguetas' "antagonists were motivated by anything other than pecuniary gain or enlarging the ranks of their criminal group." The BIA was correct that "harassment by criminals motivated by theft or random violence by gang members" is not causally related to a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

4. Under the CAT, a noncitizen may not be returned to a country "where there are substantial grounds for believing that he [or she] would be in danger of being subjected to torture." *Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001),

*as amended*, 355 F.3d 1140 (9th Cir. 2004) (citation omitted). Torture is "an extreme form of cruel and inhuman treatment" that is "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1), (2).

The BIA did not err, nor did its underlying factual findings lack substantial evidence, when it concluded the Arguetas would not be tortured. The evidence shows an unfortunate level of gang activity in El Salvador, but not that the government acquiesces. Nor does the outcome of the investigation into the burglary at the Arguetas' home and business show acquiescence to torture by public officials. "[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

The petition for review is **DENIED.**